IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YASHICA PEASTER                                                                                           PLAINTIFF

v.                                         Case No. 4:20-cv-00153-LPR

SPINNAKER INSURANCE COMPANY                                                                 DEFENDANT

## ORDER

  This case presents a dispute between Ms. Peaster and her insurance company (Spinnaker) regarding payment for losses that allegedly resulted from a fire in Ms. Peaster's apartment. Currently before the Court is Spinnaker's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b).[1] The Motion concerns the adequacy of Ms. Peaster's compliance with Spinnaker's discovery requests. For the reasons discussed below, Spinnaker's Motion is GRANTED. Ms. Peaster's case is dismissed with prejudice.

## BACKGROUND

  Ms. Peaster purchased a renter's insurance policy from Spinnaker in June of 2019.[2] The insurance policy included coverage for (1) up to $75,000 in direct physical losses to property from a fire and (2) up to $15,000 in living expense expenditures necessitated by a fire.[3] Two months after Ms. Peaster purchased the policy, a fire occurred at Ms. Peaster's apartment.[4] She alleges that the fire resulted in direct physical losses and living expense expenditures that exceeded the

---

[1] Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. Pro. 37(b) (Doc. 59).

[2] Ex. A. to Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 6-1); Pl.'s Compl. (Doc. 2) ¶ 3.

[3] Ex. A. to Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 6-1) at 5.

[4] Pl.'s Compl. (Doc. 2) ¶ 3 (stating that the fire took place on August 13, 2019); Pl.'s Resp. in Opp'n to Mot. to Dismiss (Doc. 7) at 2 (stating that the fire took place on August 8, 2019); Ex. B. to Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 6-2) at 3 (stating that the fire took place on August 8, 2019); Ex. A to Pl.'s Resp. to Def.'s List of Outstanding Docs. (Doc. 16-1) at 6 (Ms. Peaster testified that the fire took place from August 7 into August 8 because she was notified at 1:00 a.m. on August 8, 2019).

policy limits.⁵  She filed an insurance claim with Spinnaker, which she contends was denied without good reason.⁶  She subsequently filed the current lawsuit.

On February 21, 2020, Spinnaker filed its first Motion to Dismiss, arguing in part that the case was not ripe because Ms. Peaster failed to satisfy certain conditions in her insurance policy.⁷  Among other things, Spinnaker's Motion to Dismiss asserted that Ms. Peaster failed to "fulfill her obligation to submit a signed, sworn proof of loss as a condition precedent to litigation under the Policy."⁸  In support of her insurance claim, Ms. Peaster had submitted to Spinnaker a handwritten list with 295 different item categories and the number of items in each category.  Her list included, for example, over 700 pairs of shoes; 260 pairs of pants; 126 jogging suits; nearly 100 handbags including 30 Coach handbags ($204.00 each), 22 Michael Kors handbags ($349.00 each), and 2 Louis Vuitton purses ($1,999.00 and $2,370.00); 5 televisions ($3,593.97 total); and 4 diamond tennis bracelets ($1,260.00 each).⁹  Spinnaker argued that this self-made form did not fulfill Ms. Peaster's contractual obligations in order to ripen a court claim.

According to Spinnaker, the form Ms. Peaster submitted was not the proper form that Spinnaker asked her to use.¹⁰  Moreover, Spinnaker asserted that Ms. Peaster's form "fail[ed] to verify that [Ms. Peaster] actually owned or purchased the items listed on the inventory sheet" with

---

⁵ Pl.'s Compl. (Doc. 2) ¶¶ 3, 5.

⁶ *Id.* ¶ 4.

⁷ Def.'s Mot. to Dismiss (Doc. 5) ¶ 7.  Spinnaker also argued that Ms. Peaster's Complaint failed to state a viable claim.  *Id.* ¶ 8.

⁸ Def.'s Suppl. Br. in Supp. of Mot. to Dismiss (Doc. 18) at 2 (emphasis omitted).  A full recitation of the details of that Motion can be found in the Court's January 22, 2021 Order denying the Motion.  Order Denying Mot. to Dismiss in its Entirety (Doc. 19).  In the interest of brevity, the Court only includes here an overview of the facts necessary to set the stage for the instant Motion.

⁹ Ex. B to Pl.'s Resp. to Def.'s List of Outstanding Docs. (Doc. 16-1) at 130–48.

¹⁰ Def.'s Suppl. Br. in Supp. of Mot. to Dismiss (Doc. 18) at 1–2.

any "receipts, invoices, credit card/bank statements, or other similar documentation . . . ."[11] Spinnaker was suspicious of Ms. Peaster's claims to ownership of "various high-priced items" and argued that Ms. Peaster's submissions of photos and screenshots of her alleged purchase history failed to establish ownership.[12]

On January 22, 2021, the Court determined that (1) the case was ripe, and (2) Ms. Peaster's complaint was enough to get past the motion-to-dismiss stage.[13] The case eventually moved into the discovery phase on or around June 29, 2021. Spinnaker served Ms. Peaster with its First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents on July 9, 2021.[14] The initial deadline to respond was on or around August 9, 2021.[15] Ms. Peaster was unable to respond by this deadline. On August 11, 2021, she requested a ten-day extension from Spinnaker.[16] Spinnaker agreed to the extension, noting that this moved the response deadline to August 21, 2021.[17] Ms. Peaster failed to meet this deadline. On August 23, 2021, she requested another extension from Spinnaker, this time until August 30, 2021.[18] Spinnaker agreed to the extension. Ms. Peaster failed to meet this deadline and ran silent until Spinnaker raised the issue

---

[11] *Id.* at 2.

[12] *Id.* A non-exhaustive list of the photos Spinnaker argued were problematic includes a photo of several Michael Kors handbags with price tags still on them inside the trunk of a car, a photo of a diamond bracelet around an unidentified person's wrist, and photos in different rooms of an unidentified residence with televisions in the background. *Id.* at 2 n.3. Ms. Peaster also produced screenshots of an eBay purchase history. However, Spinnaker objected because the purchase history is for the account name "myshavers," but the document Ms. Peaster produced to verify these purchases is a screenshot of the eBay account name "yashicap5." *Id.* at 3.

[13] Order Denying Mot. to Dismiss in its Entirety (Doc. 19).

[14] Ex. A to Def.'s Mem. in Supp. of Mot. to Compel (Doc. 47-1).

[15] Ex. B to Def.'s Mem. in Supp. of Mot. to Compel (Doc. 47-2) at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 1–2.

on September 20, 2021. In response, Ms. Peaster requested a third extension, now until September 24, 2021.[19]

On September 24, 2021, Ms. Peaster submitted her responses to Spinnaker's Requests for Admissions. She did not provide her responses to the First Set of Interrogatories or the First Request for Production of Documents.[20] Instead, she told Spinnaker that her responses to those discovery items "[were] forthcoming."[21] They were not forthcoming. By November 9, 2021, she still had not responded to the First Set of Interrogatories or the First Request for Production of Documents. Once again, Ms. Peaster requested, and Spinnaker agreed to, an extension.[22] The new deadline became November 19, 2021.[23] Ms. Peaster did not meet that deadline, and once again ran silent until Spinnaker raised the issue on December 14, 2021. On December 15, 2021, Ms. Peaster explained that she could not commit to having her responses ready until January 19, 2022.[24]

On December 20, 2021, Spinnaker filed a Motion to Compel.[25] Ms. Peaster never responded to the Motion. Spinnaker then filed a Notice of No Opposition.[26] Ms. Peaster did not respond to that either. Unsurprisingly given the foregoing, the Court granted Spinnaker's Motion to Compel on February 14, 2022.[27] The Court gave Ms. Peaster until February 28, 2022 to provide

---

[19] *Id.* at 1.

[20] Ex. C to Def.'s Mem. in Supp. of Mot. to Compel (Doc. 47-3) at 1.

[21] *Id.*

[22] Ex. D to Def.'s Mem. in Supp. of Mot. to Compel (Doc. 47-4) at 1.

[23] *Id.*

[24] Ex. E to Def.'s Mem. in Supp. of Mot. to Compel (Doc. 47-5) at 1. In an email to Spinnaker, Ms. Peaster's counsel explained that he "[had] a medical emergency with [his] father." The email goes on to say that counsel is his father's caretaker and that his father was "likely at end-of-life stage [with] Parkinson's and an infection and [was] admitted to the hospital." *Id*. This is the first time counsel referenced his father in relation to discovery delays.

[25] Def.'s Mot. to Compel (Doc. 46).

[26] Def.'s Notice of No Opp'n to Def.'s Mot. to Compel (Doc. 48).

[27] Order Granting Mot. to Compel (Doc. 50).

full and complete responses.[28]   On February 28, 2022, Ms. Peaster requested an eight-day extension from the Court.[29]   The Court granted this extension request, but noted that it was Ms. Peaster's "last chance."[30]   On March 8, 2022, Ms. Peaster finally submitted her responses to the First Set of Interrogatories and the First Request for Production of Documents.[31]

On April 5, 2022, Spinnaker filed the current Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b).[32]   Spinnaker asserts that Ms. Peaster's March 8, 2022 responses were deficient because (1) they did not provide information beyond that previously provided, (2) they were not full and complete, and (3) overall, they did not "exhibit why it took her almost eight months to provide [them]."[33]   On September 20, 2022, the Court held a hearing to discuss the current Motion.  That hearing had been scheduled months before it took place.  On June 2, 2022, the Court e-mailed the parties, explaining that "[t]he Court requests a hearing on the Motion to Dismiss and the Plaintiff must be in attendance."[34]   The Court felt that Ms. Peaster's presence was necessary to help explain and perhaps justify the timeline, delays, and (especially the) potential

---

[28] *Id.*

[29] Pl.'s Mot. for Extension (Doc. 52).

[30] Order Granting Pl.'s Mot. for Extension (Doc. 56).

[31] Pl.'s Notice of Filing Disc. Resps. (Doc. 57).

[32] Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37(b) (Doc. 59).

[33] Mem. in Supp. of Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37(b) (Doc. 60) at 4.

[34] E-mail from Heather Clark, Courtroom Deputy, to Chuck Gibson, Counsel for Plaintiff, and Karen Volkman, Counsel for Defendant (June 2, 2022, 14:16 CST) (on file with the Court); *see also* Sept. 20, 2022 Hr'g Tr. (Rough) at 31 (reading e-mail into the record).

deficiencies in her responses.[35]  On July 27, 2022, after significant back and forth emails regarding dates for the hearing, the Court set the hearing for September 20, 2022.[36]

Ms. Peaster did not show up to the hearing.  At the hearing, her counsel acknowledged that he had "notified her to be here . . . several months ago," and had "not heard from her today."[37]  Counsel stated that the last time he had talked to her about showing up was "[p]robably a month" before the hearing.[38]  Counsel agreed that at that time, there was "every indication that she was going to be here."[39]  He later repeated that, based on his past conversations with her, he "felt like she would be here . . . ."[40]  And he noted that she had never reached out to him to suggest she couldn't make the hearing.[41]

Based on all this, the Court indicated it was considering dismissal of the case because of Ms. Peaster's violation of Court orders.[42]  Ms. Peaster's counsel asked the Court not to do so,

---

[35] *See* Sept. 20, 2022 Hr'g Tr. (Rough) at 32:

> I guess I find myself in a little bit of a quandary, because I didn't just ask her here for the fun of it. I wanted to make sure she was here because I think I feel like the court needs to ask her and maybe the other side, but at least the court needs to ask her some questions that go to whether or not these responses to the interrogatories are full responses, like I have ordered and how this came about. So, on the one hand I understand we all have an interest in moving forward and moving to sort of resolve the motion to dismiss issue. On the other hand, I'm not really sure we can do it without her here, which of course then give[s] rise to the fact that I may well just dismiss the case f[or] failure to prosecute from her not being here.

[36] Notice of Hr'g on Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37(b) (Doc. 66).

[37] Sept. 20, 2022 Hr'g Tr. (Rough) at 30.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 82.

[41] *Id.* at 30–31.

[42] *Id.* at 31; *see also id.* at 37–38:

> Okay. Let me stop you just for a second, because I don't want to get too far down the road on what I'm calling the kind of merits of your motion to dismiss to be distinguished from the issue that plaintiff hasn't shown up today. I think here is what I hear both parties saying. Let's go forward today and let's argue what I'm calling the merits of the motion to dismiss. And so if you all are both comfortable with that, I will say we can go forward. However, I want to lay down this very serious marker. Number one, the reason I required the plaintiff to be here today is I had some serious questions for the plaintiff herself that I think bear on A, whether or not there is a violation of the federal rules here, and B, assuming for a second there is a violation of the federal rules whether

arguing that he could "only assume that something [beyond her control] has happened" to Ms. Peaster.[43] Specifically, he stated:

> Your Honor, I don't think she did anything intentionally, and I can only assume that she [ha]s encountered some sort of hardship and I don't know what that would be. I do know that prior to this summer that she has had difficulty with renting situations and in situations that I'm not really familiar with because I'm not a renter, but I do know she's encountered that, but I'm not familiar with them because I haven't handled any of that and she has always been really good about responding and she reaches out to me from time to time. Like I said, I don't think I have heard anything from her since approximately a month ago.[44]

Counsel then explained that the Court should not dismiss the case from the bench "[b]ecause we don't know exactly why she is not here today, for one" and he wanted "the opportunity to supply the [C]ourt with what [he] can find out at some point."[45]

At the request of both parties, the Court listened to arguments concerning the merits of the pending Motion. However, the Court also ordered Ms. Peaster to, within forty-eight hours, "submit a signed and notarized affidavit explaining very clearly and in a very detailed way why she was not in court . . . ."[46] The Court explicitly set the deadline as 2:00 p.m. on Thursday, September 22, 2022.[47] The Court warned that there would not be any extension of the deadline,

---

dismissal is the appropriate remedy or is too drastic[.] I very much wanted the plaintiff here to answer several of those questions, so I could get a fuller factual understanding of how all of this developed. The fact that she is not here I feel is very -- in serious derogation and violation of my very clear order that she show up. I understand that plaintiff's counsel told her she should show up, that she knew she was supposed to show up and that at least at this point no one appears to know why she has[n't] shown up, which means that she has not told plaintiff's counsel or called plaintiff's counsel to say hey, I have this problem or there is some emergency that has cropped up. Obviously, I have -- I hope she hasn't been in an accident or anything like that[.] [W]e'll go forward today[,] however, I will tell you that I am significantly of the mind that her violation of my order to be here is tantamount to a failure to prosecute and either on its own deserves dismissal or at least sort of ups the potential of dismissal for if there is a rules violation here that we are going to talk about with regard to discover[y].

[43] *Id.* at 30.

[44] *Id.* at 31–32.

[45] *Id.* at 33.

[46] *Id.* at 92–93.

[47] *Id.* at 93.

7

and that the case would be dismissed if no affidavit was submitted.[48] Ms. Peaster's counsel did not suggest in any way that he needed more time than that.

Nonetheless, two days later, no affidavit was filed. Instead, on that day, the Court received a "Motion for Relief" in which Plaintiff's counsel explained (or at least implied) that his busy schedule (including the need to negotiate a plea agreement before a shortly upcoming criminal trial) prevented him from working with Ms. Peaster to timely respond to the Court's Order.[49] Counsel requested relief from that Order, although it is unclear whether this was a request to drop the affidavit requirement altogether or a request for an extension of time for the filing of the affidavit. Counsel also requested a fourteen-day extension to address deficiencies with the discovery responses.[50]

The Court denied this Motion (by text order and without comment) the same day.[51] Later that day, counsel submitted a letter to the Court stating that he could not produce the affidavit by the deadline because his client was "unavailable and out of the area."[52] The letter was short and stated as follows:

> This letter is [to] advise the court that I cannot produce an Affidavit by the deadline, 2 PM today.
>
> My client is unavailable and out of the area, and it is my error. She will return next week. She was under the impression that the court date had been changed. I gave her that impression, so her reliance was due to my comment to her that I would get the date moved.
>
> I neglected to follow through with that request.

---

[48] *Id.*

[49] Pl.'s Mot. for Relief from Verbal Order (Doc. 68).

[50] *Id.*

[51] Order Denying Pl.'s Mot. for Relief from Verbal Order (Doc. 69).

[52] Pl.'s Letter to Judge (Doc. 70). It is not lost on the Court that this is a different excuse than was provided by counsel in his request for an extension earlier that day.

I apologize to the court and accept full responsibility for the same.[53]

This communication in September of 2022 is the last time the Court has heard from Plaintiff. Ms. Peaster has not filed the ordered affidavit in the last four months.

## DISCUSSION

After countless extensions obtained by Ms. Peaster from Spinnaker over more than six months, the Court ordered that Ms. Peaster provide "full and complete" responses to Spinnaker's Interrogatories and Requests for Production within fourteen days of the Order. Ms. Peaster's subsequent responses—filed timely after the Court granted her yet another extension—were not full and complete. When the Court ordered Ms. Peaster to come before it to help explain (among other things) the alleged deficiencies, she failed to show up. When the Court ordered that she swear out an affidavit that provided an excuse for not showing up, she did not do so. Putting aside that the Court ordered this affidavit to be provided no more than forty-eight hours after the hearing, Ms. Peaster has not provided the affidavit in the four months since that Order. (A brief and vague letter from her lawyer is not an affidavit signed under penalty of perjury.) This is despite the Court warning that failure to provide an affidavit would result in the dismissal of her case.

In the aggregate, Ms. Peaster's conduct strongly suggests that she has willfully violated this Court's discovery orders—to prejudicial effect—and that she has consistently and willfully failed to prosecute her claim. Although dismissal with prejudice is a harsh remedy, it is warranted here under either Rule 37(b) or the Court's inherent authority pursuant to Rule 41(b).[54]

---

[53] *Id.*

[54] *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir. 1983) (affirming dismissal with prejudice after Plaintiff failed to respond to discovery requests on time, failed to provide complete responses after being ordered to, and Plaintiff's counsel failed to show up for multiple court dates); *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006) ("A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order.").

I. **Dismissal Under Rule 37(b)**

Rule 37(b) of the Federal Rules of Civil Procedure allows the Court to issue a variety of sanctions for a party's failure to comply with a discovery order. Among these sanctions is dismissal of the action in whole or in part.[55] While selection of the sanction is within the district court's discretion, "the district court's discretion narrows as the severity of the sanction or remedy it elects increases."[56] As such, in the Eighth Circuit, "dismissal as a discovery sanction is available only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice."[57] And "before dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith."[58]

Ms. Peaster's responses to the First Set of Interrogatories and the First Request for Production of Documents were not "full and complete" as ordered by the Court. To start, none of Ms. Peaster's responses to interrogatories were signed and verified by Ms. Peaster as required by Rule 33(b)(5) of the Federal Rules of Civil Procedure.[59] In the hearing, the Court asked counsel why the responses weren't verified. Counsel responded that it was an oversight on his part, and that he "just did not get it done."[60] But, at the time of the hearing, it had been over six months since Ms. Peaster filed her responses and over five months since Spinnaker filed its Motion alerting

---

[55] Fed. R. Civ. Pro. 37(b)(2)(A)(v).

[56] *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

[57] *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (cleaned up).

[58] *Id.* (emphasis omitted) (quotation marks and citation omitted).

[59] Ex. 3 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-3).

[60] Sept. 20, 2022 Hr'g Tr. (Rough) at 58.

Ms. Peaster to the fact that her answers were not verified.[61] In short, Ms. Peaster was aware of this defect and could have cured it at any point over the preceding months.

Looking at the substance of the responses, many of them are incomplete or inconsistent. Here are some examples.

In response to Interrogatory No. 4, seeking the addresses for every person known to Plaintiff with personal knowledge regarding the allegations set forth in the Complaint, Ms. Peaster failed to provide the addresses for three witnesses including her own daughter.[62] At the hearing, counsel acknowledged that Ms. Peaster knew her daughter's address. When asked why it wasn't provided to the other side in discovery, counsel said, "I don't know, Judge," "it was an oversight, and I probably felt comfortable [only] giving the [phone] number, because that is what I had."[63]

In response to Interrogatory No. 7, seeking the total dollar amount of damages Ms. Peaster is requesting, Ms. Peaster did not provide a dollar amount, instead stating generally that she expected to receive the full value for the loss.[64] When asked why no dollar amount was given, counsel responded that it was "a bit of a copout on [his] end" and that the "number should [have] be[en] given."[65]

In response to Interrogatory No. 2, seeking basic identification information of various persons relevant to this lawsuit, Ms. Peaster did not provide any of the addresses at which she lived in the past five years, nor the dates she lived at any such address. She also failed to provide the

---

[61] The hearing was on September 20, 2022. Clerk's Minutes (Doc. 67). Ms. Peaster filed her responses on March 8, 2022. Pl.'s Notice of Filing Disc. Resps. (Doc. 57). Spinnaker filed its motion on April 5th, 2022. Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. Pro. 37(b) (Doc. 59).

[62] Ex. 3 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-3) ¶ 4.

[63] Sept. 20, 2022 Hr'g Tr. (Rough) at 68–69.

[64] Ex. 3 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-3) ¶ 7.

[65] Sept. 20, 2022 Hr'g Tr. (Rough) at 73.

addresses of her spouses, or the dates she worked in part-time cosmetology.[66] No justification for this failure was given by counsel at the hearing.

In response to Request for Production No. 296, seeking the content of conversations Ms. Peaster had right after the fire, Ms. Peaster stated that she did not have any documentation of any conversations or communications over text message within the twenty-four-hour period immediately following the time she became aware of the alleged fire.[67] Counsel said this was, to the "[b]est [he] c[ould] recall," because her phone was destroyed by the fire.[68] However, in response to Interrogatory No. 12, Ms. Peaster stated that she spoke to and received a text message from her apartment manager during this time period alerting her to the fire.[69] When asked to give an explanation for this inconsistency, counsel could not provide one.[70]

In addition to the foregoing deficiencies, many of the responses provide insufficient detail to adequately satisfy the corresponding request. Interrogatory No. 15 asks for the method of payment for every item lost. Ms. Peaster responded that "[m]ost all purchases were made by card . . . ."[71] However, she has never identified which items were purchased by card, nor provided any information regarding the specific card that was used for any particular purchase. Interrogatory No. 16 asks for the steps taken to obtain receipts, bank statements, or other documentation for every item lost. Ms. Peaster stated that she "contacted retailers where direct purchases were made," but she does not provide any information about which retailers were contacted.[72]

---

[66] Ex. 3 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-3) ¶ 2.

[67] Ex. 2 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-2) ¶ 296.

[68] Sept. 20, 2022 Hr'g Tr. (Rough) at 85.

[69] Ex. 3 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-3) ¶ 12.

[70] Sept. 20, 2022 Hr'g Tr. (Rough) at 86.

[71] Ex. 3 to Pl.'s Notice of Filing Disc. Resps. (Doc. 57-3) ¶ 15.

[72] *Id.* ¶ 16.

Moreover, in response to several interrogatories, Ms. Peaster simply cited to the entirety of her one hundred-and twenty-seven-page Examination Under Oath.[73] The EUO was taken over two years ago and provides no new information to Spinnaker. Ms. Peaster argues that the EUO contains all the information she has. Even if this were true, citing generally to a document that has been on the docket for two years with no specific page citation is not the type of response that can be considered complete, nor should it have taken nearly eight months to procure.

Counsel's candid admissions that many of the deficiencies could have been avoided—but were not—is certainly honorable. But it also indicates a willful disregard of the discovery process and this Court's discovery-related orders. And coupled with Ms. Peaster's flouting of the Order to show up at the hearing and the subsequent Order to provide an excuse for not doing so, it constitutes strong evidence that Plaintiff's discovery violations were no mere accident.

Spinnaker has been prejudiced by Ms. Peaster's willful noncompliance. As a direct result of Ms. Peaster's actions (or lack thereof), Spinnaker has had to spend additional resources granting extensions, filing motions, and appearing before the Court. After six months of granting extension after extension, and after they had sought court intervention, the responses that Spinnaker finally received were deficient in ways that hindered (and hinder) Spinnaker's ability to evaluate Ms. Peaster's claim.[74] And Ms. Peaster's repeated failure to comply with numerous Court orders at this point suggests that her unresponsiveness is only going to continue moving forward.

---

[73] *Id.* ¶¶ 9–12, 17–22, 25.

[74] *See Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000) (concluding prejudice existed where plaintiff's failure to provide court ordered medical releases forced defendant to spend significant amount of time "hounding" plaintiff for these releases instead of defending its case and preparing for trial); *Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 240–241 (8th Cir. 1977) (finding that appellants' flagrant noncompliance with discovery orders prejudiced appellees by denying them information on paramount issues which prevented them from adequately preparing for trial); *Hudson v. Pinnacle Teleservices*, 241 F. App'x 340, 341 (8th Cir. 2006) (dismissal with prejudice was appropriate where party was warned that she must provide complete disclosures or suffer dismissal and she failed to do so, which prejudiced the other side's ability to prepare a summary judgment motion or prepare for trial); *Burgett v. Gen. Store No. Two Inc.*, 727 F. App'x 898, 900–02 (8th Cir. 2018) (noting that defendants were prejudiced by plaintiff's noncompliance with court orders to attend a hearing, a continued deposition, and to answer interrogatories

At the hearing, the Court considered less severe remedies, such as prohibiting Ms. Peaster from supporting or opposing designated claims or defenses or from introducing designated matters into evidence.[75] It is not clear less severe remedies would work here. But, in any event, Ms. Peaster's subsequent failure to comply with the Court's order to provide an excuse for her absence, when the Court warned that her failure to do so would result in dismissal, strongly suggests bad faith. That warrants dismissal even in the absence of detailed consideration (or any consideration) of less severe alternatives.[76] The harsh remedy of dismissal with prejudice is warranted here.

## II.     Failure to Prosecute

Even if dismissal with prejudice weren't warranted under Rule 37(b), it is certainly warranted under Rule 41(b) for failure to prosecute.[77] "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court."[78] "Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court."[79] Still, "[c]ases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action, or where the plaintiff has consistently and willfully failed to prosecute his claim."[80]

---

and provide required authorizations); *see also In re O'Brien,* 351 F.3d 832, 839 (8th Cir. 2003) (noting that party's failure to appear for two court-ordered depositions impaired the other side's ability to explore the validity of the claim and was thus prejudicial); *Harris v. Unknown Mack*, 221 F.3d 1342 (8th Cir. 2000) (unpublished) (plaintiff's failure to attend two scheduled depositions warranted dismissal with prejudice).

[75] Sept. 20, 2022 Hr'g Tr. (Rough) at 44–50.

[76] *See Comstock*, 775 F.3d at 992.

[77] *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 900 (8th Cir. 2009) (while "courts first should turn to specific rules tailored for the situation at hand, such as Rule 37, to justify sanctions," they may also invoke their inherent authority "as an alternative basis for support").

[78] *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

[79] *Burgett*, 727 F. App'x at 900.

[80] *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (internal citations omitted).

Ms. Peaster has now failed to comply with multiple Court orders: (1) she did not submit full and complete responses to Spinnaker's First Set of Interrogatories and First Request for Production of Documents; (2) she did not show up for court to address these deficiencies; and (3) she did not submit an affidavit detailing an excuse for her failure to show up.  And all of this is against the backdrop of her delaying filing discovery responses for nearly eight months, the Court's warnings that she was down to her "last chance," and the Court's later warning that her case would be dismissed if she failed to submit an affidavit providing an excuse for her absence from the discovery hearing.  The totality of the circumstances leads the Court to conclude that Ms. Peaster has consistently and willfully failed to prosecute her claim.  This warrants dismissal under Rule 41(b).  The Court has the inherent authority to dismiss a case in these circumstances.[81]

## CONCLUSION

For the foregoing reasons, Spinnaker's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b) is GRANTED.  This case will be dismissed with prejudice.

IT IS SO ORDERED this 3rd day of February 2023.

                                                         LEE P. RUDOFSKY
                                                       UNITED STATES DISTRICT JUDGE

---

[81] *See, e.g.*, *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006) ("A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order.").